UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUBERT BELL,

    Plaintiff,

v.

DOROTHY CAMERON-HALL,
US BANK NATIONAL ASSOCIATION
FIRST FRANKLIN MORTGAGE LOAN
TRUST,

    Defendants.

Case No. 14-cv-11486
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [10]**

Plaintiff Hubert Bell filed this lawsuit after Defendant U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust ("Trustee" or "Defendant"), foreclosed on a property he was renting from Defendant Dorothy Cameron-Hall. After removing the case from state court, the Trustee filed a motion for judgment on the pleadings. Defendant Hall has not yet been served, but the Trustee's motion is fully briefed and the matter is now ready for disposition. Having carefully reviewed the briefing, the Court finds that oral argument will not aid in resolving the pending motion. *See* E.D. Mich. LR 7.1(f)(2). The Court finds that Bell's four-count complaint fails to state a claim on which relief can be granted. Accordingly, the Court will DISMISS Bell's claims against the Trustee.

**I.  LEGAL STANDARD**

"When deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same legal standard as it would for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Brody v. Genpact Servs.*,

*LLC*, 980 F. Supp. 2d 817, 819 (E.D. Mich. 2013) (citing *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff "must allege 'enough facts to state a claim of relief that is plausible on its face.'" *Traverse Bay Area Int. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility means that "the complaint has to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged.'" *Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation and internal quotation marks omitted).

The court must "accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." *Bennet v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). The court "need not, however, accept unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 570). Nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff Hubert Bell rented a house at 24266 Konarska Drive in Brownstown, Michigan ("Property"). (Dkt. 1-2, Compl. at ¶ 5.) Defendant Dorothy Cameron-Hall owned the Property,

and had secured a loan for the $248,000 purchase price with a mortgage through First Franklin, A Division of National City Bank of Indiana. (Dkt. 10-1, Mortgage.) The mortgage was recorded on September 26, 2005 in Wayne County, Michigan. (*Id.*) On August 3, 2009, First Franklin assigned the Mortgage to Defendant US Bank National Association as Trustee. (Dkt. 10-2, Assignment.) The Assignment was recorded on August 10, 2009 in Wayne County. (*Id.*)

Hall defaulted on the mortgage and the Trustee initiated foreclosure-by-advertisement proceedings. A sheriff's sale was held on September 19, 2013, and the Trustee purchased the Property for $270,819.17. (Dkt. 10-3, Sheriff's Deed.) The redemption period was set to expire on March 19, 2014. (*Id.*) Bell became aware of the foreclosure and Sheriff's sale on or about February 27, 2014. (Compl. at ¶ 6.) Concerned about his interactions with the Trustee and desiring to preserve his alleged rights under the lease, he filed this suit.

Bell attached his lease to his Complaint. (Compl. Ex. 2.) The lease term runs from July 15, 2013 through July 15, 2016. (Compl. at 1.) In the Complaint, Bell alleges that the lease gave him the option to purchase the Property. (*Id.* at ¶ 7.) But the terms of the lease documents attached to the Complaint did not grant Bell this option. (*See* Compl. Ex. 2.) In any event, Bell says that he is willing and able to continue paying rent and remain in the Property, or to purchase the Property outright. (*Id.* at ¶ 9.) Indeed, he says that the Trustee represented to him that he could remain in his lease, and that he would be able to purchase the Property if it was not redeemed. (*Id.* at ¶ 21.) But he alleges that the Trustee has refused to accept his rental payments and refuses to acknowledge his option to purchase the Property. (*Id.* at ¶¶ 15–16.) It is unclear from the Complaint whether Bell is still residing in the Property or whether the Trustee has commenced eviction proceedings.

3

Bell filed this suit in state court on March 10, 2014. (Compl. at 1.) His Complaint contains four counts: Quiet Title (Count I); Fraud in the Inducement (Count II); Violation of the Protecting Tenants at Foreclosure Act ("PTFA") (Count III); and Intentional Infliction of Emotional Distress (Count IV). He seeks money damages, and asks the Court to toll the statutory redemption period and set aside the sheriff's sale. (*Id.*) As the only served Defendant, the Trustee removed the Complaint to this Court on April 11, 2014. (Dkt. 1, Notice of Removal.) After Defendant filed its answer (Dkt. 3), the parties engaged in some discovery. But then Defendant filed the present motion for judgment on the pleadings. (Dkt. 10.) Shortly thereafter, the parties stipulated to a stay of discovery pending resolution of the motion. (Dkt. 15.)

## III. ANALYSIS

Bell seeks to protect his rights under the lease by asserting a variety of claims. While the Court recognizes his concerns, the Court finds that Bell has not stated any claims upon which relief can be granted. So Defendant's motion will be granted.

### A. Standing

Defendant first argues that Bell lacks standing to challenge the foreclosure, citing both constitutional and "statutory" standing requirements. (Def.'s Reply at 4–5.) These arguments largely miss the mark.

Defendant argues that "Plaintiff lacks statutory standing to challenge the completed foreclosure because the [statutory] redemption period has expired." (Def.'s Reply Br. at 5.) Not so. The Sixth Circuit has repeatedly explained that the expiration of the statutory redemption period does not create a standing issue. *See Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014); *see also Langley v. Chase Home Finance, LLC*, No. 10–604, 2011 U.S. Dist. LEXIS 32845, at *2 n. 2, 2011 WL 1130926 (W.D. Mich. Mar. 28, 2011).

Instead, it means that Plaintiff must demonstrate "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside' after the redemption period expires." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich.1997)).

Defendant also argues that Bell lacks constitutional standing in this case because he is not a signatory to the mortgage. The Court disagrees. The minimum components of constitutional (Article III) standing are as follows:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a "favorable decision."

*Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In addition, "a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citation omitted).

The Court finds that Bell has Article III standing to bring this lawsuit.[1] Bell brought suit in order to protect his right to remain in the Property until the end of the lease term and preserve his option to purchase the Property under the lease. (*See* Compl.) Bell has alleged that he has a

---

[1] The Court recognizes that at least one court in this district has held that a mere tenant lacks Article III standing to challenge a mortgage foreclosure proceeding. *See Hurst v. Federal Nat. Mortg. Ass'n*, No. 14-10942, 2015 WL 300275, at *3 (Jan. 22, 2015) (collecting cases). But in *Hurst*, the tenant did "not allege that she [had] any legally binding instrument that would establish" a purchase option and did not have a written lease. *Id.* at *1. Moreover, the cases cited by the *Hurst* court are all district court decisions, many from outside this Circuit and based on the law of other states, and are not binding on this Court.

5

possessory interest in the Property due to his lease, as well as an option to purchase the Property granted to him by its former owner. *See United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990) (commenting that a "property interest less than ownership, such as a possessory interest, is sufficient to create [constitutional] standing" to challenge a judicial forfeiture proceeding). He states that the Trustee has invaded those interests by refusing to honor his purchase option. Lastly, his desire to remain in the home would be vindicated by a favorable decision from this Court.

Defendants cite *King v. IB Property Holdings Acquisition*, 635 F.Supp.2d 651 (E.D. Mich. 2009). This case is inapposite. In *King*, the court considered whether a mortgage holder's son could assert claims regarding the mortgage under the Fair Debt Collection Practices Act ("FDCPA"). Finding that the son was not a "consumer" within the meaning of the FDCPA, the court concluded that he did not have "standing" to pursue an FDCPA claim on behalf of his father. *Id.* at 658–59. This holding does not bear on Article III standing. *See Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 537 (S.D. Ohio 2012) ("[T]he question of statutory standing is often confused with the question of constitutional and prudential standing. As the Sixth Circuit has explained, statutory standing is the question of 'whether this plaintiff has a cause of action under the statute.'" (citing *Roberts v. Hamer*, 655 F.3d 578, 580–81 (6th Cir. 2011)).

Having disposed of Defendant's standing arguments, the Court will proceed to the merits.

### B. Count I: Quiet Title

In Count I, Bell asks the Court to quiet title in the Property in his name. (Compl. at ¶ 16.) Defendant correctly notes that, in an unpublished (and therefore non-binding) opinion, the Sixth Circuit held that "quiet title" is a remedy, rather than a separate cause of action. *See Jarbo v. Bank of New York Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014) ("Like a request for an

6

injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action."); *see also Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013). In Michigan, however, "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Michigan Compiled Laws § 600.2932(1). Courts in this district have held that the statute does create a cause of action for quiet title and have addressed it "in the interest of completeness" even in light of *Jarbo* and *Goryoka*. *Berry v. Main St. Bank*, 977 F.Supp.2d 766, 776 (E.D. Mich. 2013); *see also Gagacki v. Green Tree Servicing LLC*, No. 14-11378, 2015 WL 93476, at *3 n.1 (E.D. Mich. Jan. 7, 2015).

To prevail in an action to quiet title under the Michigan statute, Bell must allege facts regarding "(a) the interest [he] claims in the premises; (b) the interest the [Defendants] claim[ ] in the premises; and (c) the facts establishing the superiority of [his] claim." *Trombley v. Seterus Inc.*, No. 14-1661, 2015 WL 3620412, at *6 (6th Cir. June 11, 2015). "In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title. If the plaintiffs make out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (1999) (citation omitted). "Establishing a prima facie case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank Nat. Ass'n*, No. 11-12322, 2012 WL 32737, at *3 (E.D. Mich. Jan. 6, 2012) *aff'd sub nom. Sembly v. U.S. Bank Nat. Ass'n ND*, 508 F. App'x 443 (6th Cir. 2012) (citations omitted).

The Court finds that the Complaint fails to state a claim for quiet title. Bell alleges no title interest in the Property; instead, he cites his lease, his option to purchase, and promises made by

Defendant that he could still exercise the option to purchase following the sheriff's sale. (*See* Compl. at ¶¶ 7, 16, 21.) He does not allege any conveyance from Hall or the Trustee to himself. He says that Hall has "superior title interest" to the Trustee (Compl. ¶ 17), but Hall's "right, title, and interest in property [were] extinguished upon the expiration of the redemption period." *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 803 (E.D. Mich. 2012). Bell also acknowledges that the Trustee purchased the Property at the sheriff's sale. (Compl. ¶ 6.) And yet, he asserts no fraud or irregularity in the foreclosure itself such that the Court could set it aside. *See Gregory*, 890 F. Supp. 2d at 803.

The Court finds that Bell has not stated a claim for quiet title under Michigan Compiled Laws § 600.2932(1).

### C. Count II: Fraud in the Inducement

In Count II, Bell asserts that the Trustee accepted his rent payments while leading him to believe that he could purchase the Property once the redemption period expired and falsely stated that some rent adjustments might be warranted. (Compl. ¶¶ 21–22.) Although Bell claims that he has suffered financial and emotional damages due to his reliance on this alleged representation (Compl. ¶ 25), he has not alleged when or how Defendant failed to honor it.

"The elements constituting actionable fraud or misrepresentation are well-settled in Michigan." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 815 (Mich. 1976).

> The general rule is that to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Id.* Moreover, Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice,

intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit "interpret[s] Rule 9(b) as requiring plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).

The Complaint does not allege fraud with sufficient particularity. Bell does not say when he was told that he could still exercise his purchase option or that his rent could be adjusted, nor does he say who made those statements. Perhaps most importantly, Bell does not say how these alleged misrepresentations harmed him: he does not state that he has attempted to purchase the Property, have his payments adjusted, or even that the Trustee has threatened to evict him.

Bell has not stated a claim for fraud. Count II will be dismissed.

### D. Count III: Violation of the Protecting Tenants at Foreclosure Act

In Count III, Bell seeks a declaration that he is a "bona fide tenant" within the meaning of the PTFA and that he is entitled to remain in the property until his lease expires on July 15, 2016. (Compl. at ¶ 29.) Defendant argues that the PTFA provides no private cause of action. (Def.'s Br. at 13.)

Congress enacted the PTFA to protect the rights of tenants of foreclosed properties. The Act imposes certain requirements on successors in interest in foreclosed properties. Specifically, "bona fide tenants" are to receive at least 90 days' notice to vacate and be permitted to remain in the property until the end of their lease term. Protecting Tenants at Foreclosure Act of 2009, Pub.L. No. 111–22, § 702, 123 Stat. 1632, 1661 (codified at 12 U.S.C. § 5220 note (Supp.V.2012)). The "objective of these new tenant protections is to ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced." *Protecting Tenants at*

*Foreclosure: Notice of Responsibilities Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property*, 74 F.R. 30106-02. "The PTFA was intended to allow tenants who are victims of the foreclosing crisis a protection that can be used in the state courts to combat unlawful evictions." *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *3 (N.D. Cal. May 26, 2010) (citing 155 Cong. Rec. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry)).

The Sixth Circuit has held that the PTFA "does not provide an express or implied private right of action." *Mik v. Fed. Home Loan Mtg. Corp.*, 743 F.3d 149, 160 (6th Cir. 2014). And the fact that Bell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 does not save this count from dismissal. The Declaratory Judgment Act "create[s] a remedy for a preexisting right enforceable in federal court. It does not provide 'an independent basis for federal subject matter jurisdiction.' Such an independent source of rights exists when . . . a private right of action authorizes the party to seek 'an immediately enforceable remedy like money damages or an injunction.'" *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014) (citing *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)).

Count III will be dismissed. *See id.* at 907 ("No private right of action means no underlying lawsuit. No underlying lawsuit means no jurisdiction. And no jurisdiction means no declaratory relief.").

**E. Count IV: Intentional Infliction of Emotional Distress**

In his response brief, Bell states that he is "willing to concede as to the dismissal of the Intentional Emotional Distress claim from this lawsuit." (Pl.'s Resp. at 11.) Therefore, Count IV will be dismissed.

### F. Plaintiff's Motion to Amend

In his response brief, Bell asks that "if more particularity is requested by the Court," he be given "leave to amend pursuant to Rule 15(a)(2)." (Pl.'s Resp. Br. at 5.) This request does not comply with several of the Court's directives regarding motion practice. First, the Court's Electronic Filing Policies and Procedures state that "a response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken." E.D. Mich. Local Rules App'x ECF R. 5(e). Second, the Court's Local Rules direct that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Moreover, while Federal Rule of Civil Procedure 15 establishes a liberal policy toward granting leave to amend, a "request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)).

## IV. CONCLUSION

For the reasons set forth above, the Trustee's Motion for Judgment on the Pleadings (Dkt. 10) is GRANTED. Plaintiff's Motion to Amend the Complaint, set forth in his response brief, is DENIED. The claims against the Trustee are DISMISSED. A separate order regarding the status of Defendant Dorothy Cameron-Hall will follow.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2015

11

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 31, 2015.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson